E-FILED
Wednesday, 09 April, 2008  12:12:17 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT OF
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ORIN KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:08-cv-01052-MMM |
| ) | |
| ILLINOIS CENTRAL RAILROAD ) | |
| COMPANY d/b/a CANADIAN ) | **DEFENDANT DEMANDS** |
| NATIONAL/ILLINOIS CENTRAL ) | **TRIAL BY JURY** |
| RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

### ANSWER AND JURY DEMAND

Defendant, Illinois Central Railroad Company, improperly described as Illinois Central Railroad Company, d/b/a Canadian National/Illinois Central Railroad Company, for its answer to plaintiff's complaint, states as follows:

### Count I

1.   Based on plaintiff's allegation as to his own residence – defendant admits same.

2.   Illinois Central Railroad Company admits it is a corporation duly organized and existing according to law and duly authorized to engage in business as a common carrier by railroad in interstate commerce in the State of Illinois and in the Central District of Illinois. Defendant denies all other allegations of paragraph 2.

3.   Illinois Central Railroad Company admits plaintiff was employed by it at certain times in the past and that plaintiff is attempting to bring a claim against the defendant under the Federal Employers' Liability Act. Illinois Central Railroad Company denies plaintiff has asserted an actionable claim under the Act, and denies all other allegations of paragraph 3.

4711773.2

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits that Orin Kelly was employed by defendant at certain times in the past. Defendant denies all other allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8, and further denies the specific allegations of subparagraphs (a) through (t) thereof.

9. Defendant denies the allegations of paragraph 9, and further denies that plaintiff has been injured in the nature or to the extent claimed.

For its Affirmative Defenses, defendant states as follows:

## **Affirmative Defenses**

For its affirmative defenses defendant states as follows:

1. Plaintiff committed acts or omissions of contributory negligence in causing his own injury or in contributing to cause his own injury by failing to report the allegations set forth in paragraphs 7 and 8(a) through (t) of plaintiff's Complaint and by failing to report the alleged medical conditions asserted in plaintiff's Complaint and in otherwise contributing to cause his own injury, all in mitigation of any damages claimed.

2. Defendant may have made payments to plaintiff or had payments made on plaintiff's behalf for advances, medical bills, Railroad Retirement benefits, or other benefits, all of which entitle defendant to a set-off.

3. Plaintiff has failed to mitigate his damages by returning to work or seeking other employment as soon as reasonably possible.

4.	Defendant would further show that plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of plaintiff's claim against defendant.

5.	Insofar as plaintiff's Complaint attempts to assert, explicitly or implicitly, that this defendant is a successor-in-interest to any other entity or entities, all said averments are specifically denied in their entirety, and it is affirmatively averred that Illinois Central Railroad Company is an individual entity and is not, in any way, related to any other entity and accordingly, is not a successor-in-interest to the liability of any other entity that employed plaintiff.  Accordingly, plaintiff's Complaint fails to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.

6.	Defendant reserves the right to raise additional affirmative defenses as discovery proceeds in this matter.

## Count II

For its responses to Count III, defendant states as follows:

10.	Defendant re-states and realleges its answer to paragraphs 1 through 9 of Count I for its response to paragraph 10 of Count II.

11.	Defendant denies the allegations of paragraph 11.

12.	Defendant denies the allegations of paragraph 12, and further denies that plaintiff is entitled to assert a "negligence per se" claim against the defendant.

## Affirmative Defenses

For its Affirmative Defenses to Count II, defendant states as follows:

1.  Plaintiff committed acts or omissions of contributory negligence in causing his own injury or in contributing to cause his own injury by failing to report the allegations set forth in plaintiff's Complaint and by failing to report the alleged medical conditions asserted in plaintiff's Complaint and in otherwise contributing to cause his own injury, all in mitigation of any damages claimed.

2.  Plaintiff has failed to file suit in a proper court under 28 U.S.C. 1404(a) and defendant intends to file a Motion to Transfer Venue in this regard.

3.  Defendant may have made payments to plaintiff or had payments made on plaintiff's behalf for advances, medical bills, Railroad Retirement benefits, or other benefits, all of which entitle defendant to a set-off.

4.  Plaintiff has failed to mitigate his damages by returning to work or seeking other employment as soon as reasonably possible.

5.  Defendant would further show that plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of plaintiff's claim against defendant.

6.  Allegations relating to alleged violations of 49 C.F.R. 213 do not provide for a separate cause of action against this defendant.

7.  Plaintiff's complaint failed to allege a proper claim asserting a cause of action under 49 C.F.R. 213.

8.  Plaintiff's Complaint fails to allege a proper claim for "negligence per se."

9.  Defendant reserves the right to raise additional affirmative defenses as discovery proceeds in this matter.

### Count III

For its responses to Count III, defendant states as follows:

13. Defendant restates and realleges it response to paragraphs 1-5 of Count I as if fully set forth herein for its response to paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16, and further denies that plaintiff has been injured in the nature or to the extent claimed.

### Affirmative Defenses

For its affirmative defenses defendant states as follows:

1. Plaintiff committed acts or omissions of contributory negligence in causing his own injury or in contributing to cause his own injury by failing to report the allegations set forth in Count III of plaintiff's Complaint and by failing to report the alleged medical conditions asserted in plaintiff's Complaint and in otherwise contributing to cause his own injury, all in mitigation of any damages claimed.

2. Defendant may have made payments to plaintiff or had payments made on plaintiff's behalf for advances, medical bills, Railroad Retirement benefits, or other benefits, all of which entitle defendant to a set-off.

3. Plaintiff has failed to mitigate his damages by returning to work or seeking other employment as soon as reasonably possible.

4. Defendant would further show that plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent

conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of plaintiff's claim against defendant.

5. Insofar as plaintiff's Complaint attempts to assert, explicitly or implicitly, that this defendant is a successor-in-interest to any other entity or entities, all said averments are specifically denied in their entirety, and it is affirmatively averred that Illinois Central Railroad Company is an individual entity and is not, in any way, related to any other entity and accordingly, is not a successor-in-interest to the liability of any other entity that employed plaintiff. Accordingly, plaintiff's Complaint fails to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.

6. The Locomotive Inspection Act does not provide for a separate cause of action against this defendant.

7. Plaintiff's complaint failed to allege a proper claim under the Locomotive Inspection Act in that plaintiff did not specifically allege that the locomotives in question were actively in use and on the line of the railroad at the time of the alleged injury.

8. The Locomotive Inspection Act has no application to an alleged repetitive trauma claim or the claims made in this particular case.

9. Defendant reserves the right to raise additional affirmative defenses as discovery proceeds in this matter.

WHEREFORE, having fully answered plaintiff's complaint, defendant asks that it be allowed to go with its costs herein expended.

                    Respectfully submitted,

                    s/Kurt E. Reitz
                    Kurt E. Reitz, #06187793
                    525 West Main Street
                    P.O. Box 750
                    Belleville, Illinois  62222-0750
                    618-277-4700
                    FAX 618-236-3434
                    kreitz@thompsoncoburn.com
                    Attorney for Defendant

OF COUNSEL:
THOMPSON COBURN LLP

**Certificate Of Service**

    I hereby certify that on April 9, 2008, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to Patrick S. O'Brien, pobrien@rathmann.us.

                    s/ Kurt E. Reitz