UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ORIN K. KELLY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-1052 |
| ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY, | ) ) ) ) ) |
| Defendant. | ) ) |

**O R D E R**

This matter was set for phone conference on Monday, July 19, 2010, but said hearing is no longer necessary and is vacated.

In its January 12, 2010, Order, the Court found that the expert causation opinions that Kelly wished to introduce though Drs. Schoedinger and McMullin were lacking sufficient factual basis, which consequently undermined the reliability of the principles or methods upon which their testimony is based.  The Court held that while the Doctors had not met the threshold for expert testimony regarding specific causation, they could testify as treating physicians as to the nature and extent of Plaintiff's injuries, including testimony based on their experience and training as to what kinds of motions or conditions are known in the medical field to cause such injuries in a general sense.  However, the Court offered Kelly the opportunity to submit an offer of proof establishing that the Doctors in fact had an adequate factual knowledge of the subjects found to be deficient.  It was at this point that the Court erred in allowing the treating physicians to drift into the area of "expert" testimony, since neither Dr. Schoedinger nor Dr. McMullin had been disclosed as anything other than

a treating physician and neither had complied with the requirements for disclosure of expert testimony under Rule 26(a)(2).

Plaintiff then supplied supplemental affidavits in an attempt to provide this offer of proof and obtain the admission of the Doctors' expert opinions as to the specific causation of his injuries. The additional information supplied was the type of factual information found to be lacking in the prior expert disclosures. Nevertheless, rather than providing existing information that was omitted from the prior reports through oversight or lack of adequate preparation, it became apparent that the Doctors were provided with previously unreviewed information for the purpose of obtaining new, undisclosed opinions.

The Court takes responsibility for this mistake and apologizes for the resultant confusion and expenditure of time incurred by counsel and the parties in attempting to comply with this ruling.

After careful consideration, the Court finds that the portion of the February 8, 2010, Order granting Plaintiff's Motion for Reconsideration to allow expert testimony by Drs. Schoedinger and McMullin shall be vacated. That being said, the portion of the February 8, 2010, Order denying Defendant's Motion to Reconsider challenging the areas in which summary judgment was denied remains the law of the case. This returns the case to its status following the January 12, 2010, Order. Drs. Schoedinger and McMullin will be allowed to testify only as treating physicians. In this respect, they may testify regarding their treatment and diagnosis of Kelly, including what they have determined in the ordinary course of their examination and treatment to be "the diagnostic cause and effect," as opposed to the legal cause of the injuries. Hardyman v. Norfolk & Western Railway

Company, 243 F.3d 255, 268-69 (6th Cir. 2001).[1]  They may not, however, testify as experts on the specific causation of Kelly's injuries (i.e. working as a conductor for the railroad) in this case for purposes of establishing liability.

Kelly, and possibly other fact witnesses, will presumably testify regarding his work and non-work related activities. His ergonomics expert may then testify regarding the job tasks, working environment, and other occupational factors of railroad employees similarly situated to Kelly, as well as the risk factors to which he was exposed in his work. In combination, "[s]uch testimony . . . certainly would be adequate to provide a jury with the 'special expertise . . . necessary to draw a causal inference.'" Id., at 269; *see also,* Walden v. Illinois Cent. Gulf R.R., 975 F.2d 361, 364 (7th Cir. 1992) (finding that the jury is vested with discretion to engage in common sense inferences regarding issues of causation and fault "in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury.")

Again, the Court apologizes for it's mistake. This matter is now ready for final pretrial conference, which remains set for August 26, 2010, at 11:00 am in person in Peoria.

---

[1] Hardyman is an opinion issued by the Sixth Circuit Court of Appeals.  While the Court has not discovered any case in which the Seventh Circuit has specifically adopted the approach to the admissibility of causation testimony set forth in Hardyman, the Court is likewise unaware of a case in which the Seventh Circuit has specifically rejected the approach in analogous circumstances under the relaxed causation standard required in FELA cases.

ENTERED this 15th day of July, 2010.

                                              <u>s/ Michael M. Mihm</u>
                                              Michael M. Mihm
                                              United States District Judge