### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ORIN K. KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-1052 |
| ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY ) | |
| d/b/a CANADIAN NATIONAL/ILLINOIS ) | |
| CENTRAL RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

### O R D E R

This matter is now before the Court on Defendant's Motion to Reconsider a Portion of the Court's Order, Alternative Reasserted Motion for Summary Judgment for Lack of Causation Evidence or Alternative Motion to Stay. For the reasons set forth below, Defendant's Motion to Reconsider/Reasserted Motion for Summary Judgment/Stay [#78] is DENIED in its entirety.

### DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. Id. at 1270.

Relying largely on the recent Seventh Circuit opinion in Meyers v. National Railroad Passenger Corp., ____ F.3d ____, 2010 WL 3385182 (7th Cir. 2010), Defendant suggests that the issue of whether specific medical causation testimony from physicians is required

to establish causation has now been settled in this Circuit.  Respectfully, the Court disagrees.  While <u>Meyers</u> may fairly be read to stand for the proposition that summary judgment is appropriate in a FELA case where there is **no** admissible evidence to create a genuine issue of material fact as to causation, this is not such a case.  Unlike the district court in <u>Meyers</u>, which excluded all testimony from the plaintiff's treating physicians and ergonomic expert, this Court has not excluded either the testimony of Plaintiff's treating physicians with respect to their treatment and diagnosis of his conditions or the testimony of his ergonomics expert.

The Court would also note that the district court in <u>Meyers</u> made its rulings based on its application of a standard that required the plaintiff to prove each of the common law elements of negligence, including that the injury was proximately caused by the defendant's breach.  <u>Meyers v. National Railroad Passenger Corp.</u>, 648 F.Supp.2d 1032, 1037 (N.D.Ill. 2009).  This standard was flatly rejected by the Seventh Circuit in <u>McBride v. CSX Transportation, Inc.</u>, 598 F.3d 388 (7th Cir. 2010).  In deciding <u>Meyers</u> on the basis of failure to file expert reports in compliance with Rule 26, the Seventh Circuit expressly acknowledged this in noting that it "need not delve further into the recent clarification of the causation standard under the FELA."  2010 WL 3385182, *6 at fn.2.

The Court is therefore not persuaded by Defendant's argument that <u>Meyers</u> has definitively resolved the question of causation at issue in this case.  Defendant's remaining arguments largely rehash arguments that have previously been rejected by the Court.  As such, they warrant no relief in a motion for reconsideration.  Defendant's request for a stay is likewise denied for the reasons stated by the Court in denying Defendant's prior requests to stay this litigation.

**CONCLUSION**

For the reasons set forth herein, Defendant's Motion to Reconsider a Portion of the Court's Order and Reasserted Motion for Summary Judgment for Lack of Causation Evidence or Alternative Motion to Stay [#78] is DENIED in its entirety. This matter is now ready for final pretrial conference.

ENTERED this 26th day of October, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge